C.A. § 162(a). Accordingly, they should be deductible as ordinary and necessary business expenses.

Commissioner of Internal Revenue v. Lincoln Savings & Loan Asso., 403 U.S. 345, 91 S.Ct. 1893, 29 L.Ed.2d 519 (1971), and Swed Distributing Co. v. C. I. R., 323 F.2d 480 (5 Cir. 1963), are not to the contrary. By no stretch of the imagination can it be said that the distributions to the exempt stockholders constituted a benefit to the bank or an additional capital asset—the basis of decision in *Lincoln Savings*. Nor is there in the instant case the identity of interest present in *Swed Distributing Co.* that would require the compulsory nature of the payment to be disregarded for federal tax purposes.

I would affirm the district court to the extent that it held the distributions deductible as ordinary and necessary business expenses.

James L. Armstrong, III, Miami, Fla., for appellant.

Alfred M. Carvajal, Miami, Fla., for M. Lawrence Barbernell.

Edward S. Corlett, III, Donald L. Lacy, Miami, Fla., for Joseph G. Ehrlich.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**NEW JERSEY LIFE INSURANCE COMPANY, Plaintiff-Counterclaim Defendant and Third-Party Plaintiff-Appellant,**

v.

**Edith STADLER and Gerald Robbins, Defendants and Counter-Claimants, and Joseph G. EHRLICH and M. Lawrence Barbernell, Third-Party Defendants-Appellees.**

**No. 31148.**

United States Court of Appeals, Fifth Circuit.

Nov. 30, 1971.

**UNITED STATES of America, Appellee,**

v.

**Benjamin SEEWALD, Contemnor-Appellant.**

**No. 115, Docket 71-1523.**

United States Court of Appeals, Second Circuit.

Argued Sept. 28, 1971.

Decided Nov. 10, 1971.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.